LOVETT and BOWNE *vs.* ADAMS and others.

*A co-obligor not sued is a competent witness to prove the terms and conditions on which a joint and several bond has been executed, where the suit is commenced against only some of the obligors.*

*A bond executed by nine persons as obligors upon certain terms and conditions and subsequently delivered by five of the obligors without the knowledge or consent of the remaining four upon terms and conditions different from those originally stipulated, is not obligatory upon the latter.*

THIS was an action of debt, tried at the Wayne circuit in June, 1828, before the Hon. ENOS T. THROOP, then one of the circuit judges.

The declaration was on a joint and several bond, executed by *nine* persons, bearing date 21st September, 1824, conditioned for the payment of $8000. *Four* of the obligors only appeared to have been sued. On the trial of the cause the defendants offered to prove that the bond was executed by them as *sureties* for a loan which the Montezuma Turnpike and Bridge Company were negotiating to obtain from the plaintiffs; that the bond was executed at Lyons, in the county of Wayne, and sent to New-York *to be delivered* to the plaintiffs on certain terms and conditions, by which the obligors intended to be indemnified for having become bound for the payment of the money; that the plaintiffs refused to receive the bond on the terms and conditions proposed; that subsequently, on the 29th October, 1824, *five* of the obligors, but not those sued in this action, without the knowledge or consent of the defendants in this action, having made a new and different arrangement with the plaintiffs, by which the security relied on by the defendants for their indemnity was yielded up, delivered the bond to the plaintiffs. To prove these facts, Squire Monroe, one of the five obligors who was not sued in this action, was called as a witness by the defendants. He was objected to as incompetent and the objection sustained. Asher Tyler, another witness offered by the defendants to prove the facts relied on, was also rejected, on the ground that he was a legatee under the will of Comfort Tyler, one other of the five obligors who had signed the bond. Evidence in support of the defence was given, but as the case turns upon the rejection of those witnesses it is unnecessary to be stated. The jury, under the direction of the judge, found a verdict for the plaintiffs, which was moved to be set aside.

*W. H. Adams & J. A. Spencer*, for defendants.

*D. Kellogg*, for plaintiffs.

*By the Court*, SAVAGE, Ch. J. The defence was, that the bond on which this suit was brought was never delivered by the defendants, which fact was offered to be proved by a *co-obligor*, as to whose execution of the bond there was no dispute. The witness offered was rejected on the ground of interest. How was he interested? If he testified to the facts which the defendants offered to prove by him he could not be benefitted by it, but rather injured. If the bond is valid against the *nine* obligors, he must pay one ninth part of it; if but *five* executed the bond, and the witness was one of the five, his liability would be increased in nearly a two fold ratio. His interest would prompt him to sustain the bond. There is, therefore, no objection to his competency on the ground of interest. Neither could the verdict in this case for or against the defendants, benefit the witness in a suit against himself. A verdict for the defendants would prove that these four defendants never executed the bond; but that would by no means prove that the witness did or did not ex. ecute it. I am of opinion, therefore that both Squire Monroe and Asher Tyler were competent witnesses.

It was also proper to shew that the condition on which this bond had been signed was rejected by the plaintiffs or their agent, and that an entire new contract of loan had been entered into between the plaintiffs by their agent and the five obligors who are not defendants in this cause. If a bond be signed, and put into the hands of the obligee or a third person on the condition that it shall become obligatory upon the performance of some act by the obligee or any other person, the paper signed does not become the bond of the party signing the same until the condition precedent be performed. Until then there is no contract. Evidence of such facts should have been admitted.

I am of opinion, therefore, that a new trial must be granted, costs, to abide the event.