Chief Justice Robertson
delivered the Opinion of the Court.
To a suit by petition and summons against Nathan H. Hall, John Pope and William Montgomery, on a note purporting to have been executed by them, to the President Directors of the Bank of the Commonwealth, on the 2d of September, 1829, for three thousand one hundred and twenty-five dollars, payable at the Branch at Harrodsburg, in one hundred and twenty days — they pleaded four pleas; upon one of which only — that is the fourth, issue in fact was concluded.
p]ea averred only, that the note had been signed and delivered in blank, with the intention and expectation that it would be filled up with a less sum than that which was afterwards inserted in it, without their au *259 thority, as they allege; and, of course, as the law, upon those facts, implied an unlimited authority to insert any sum, the plea was insufficient.
A general replication, to a special non est factum, that ‘the note sued on is his act & deed,’ is insufficient; for it may be his act and deed, and yet not binding upon him: as where a special authority to fill blanks was not pursued,or where the note was obtained by duress, &c. If the facts pleaded show that the note is not binding, pltf. must traverse them. The onus upon such plea and issue,is upon deft, and the plea must conclude with a verification.
But the third plea averred that, when it was signed, it was intended to be a note for only $2,336; which sum was, therefore, inscribed in figures “on the top or margin,” and that, being signed on the 18th of September, 1829, that date also, was written on the paper when the parties signed it; and concluded as follows — “ which said “ sum and date did remain on the said paper when the “ same was so signed and delivered to the plaintiffs, with “ an intention and expectation that they should continue “ and constitute a part of the writing obligatory — and “ should be so filled and held by the plaintiffs. Yet the “ defendants say that the plaintiffs, without their assent, “ did tear off the said sum and the said date, and write “ and fill up the paper so as to make such writing as in “ the petition is mentioned, contrary to the intent and “ the authority given them as aforesaid — wherefore the “ defendants say that the writing in the petition men- “ tioned, is not their act and deed.”
The replication to this third plea, without traversing the special facts averred in it, only alleged that the note, “ as sued on, was made and executed to the said plain- “ tiffs by the said defendants, and that the same is the “ genuine, true and legal act and deed of them, the said “ defendants.”
A demurrer to that replication, having been overruled by the Court, the defendants declined pleading further; and thereupon, a verdict and judgment having been rendered on the issue on the fourth plea — this writ of error is prosecuted to reverse the judgment.
Had the third and fourth pleas been substantially identical, we should not doubt that the plaintiff's in error would have had no just cause for complaint: first — because the fourth plea is not good; and, secondly — because, if good, the virtual rejection of another, containing nothing more, could not have been prejudicial.
But the third plea essentially differs from the fourth, and is, in our opinion, prima facie, a good bar to the action; for if, as averred in it, a sum and a date were writ *260 ten on the paper when it was signed and delivered, with the intention that it should be filled up with that sum and that date, and with no other sum or date, and if, without authority, that sum and date were torn off, and a larger sum and earlier date inserted, the note, “as sued on” is not, in judgment of law, obligatory as the act of the apparent obligors. For, those facts being admitted, and nothing else appearing, there was no implied authority to insert any other sum, or any other date, than the sum and date which had been prescribed on the paper when signed and delivered to the Bank-, and the antedating was especially illegal.
The only question, therefore, is whether the general replication was a sufficient response to the plea: and we are of the opinion that it was not.
The object of the special plea of non est factum in this case, was to circumscribe the issue, and confine it to the fads pleaded, and as the facts averred in the plea, are sufficient, if true, to show that the writing sued on is not the binding act of the party sued, the plaintiff cannot recover without traversing the facts. A general replication that the writing is the act or deed of the party, is only a deduction of law, made by the plaintiff or his counsel, and is not a denial of the facts averred in the plea; and the facts, so averred and unanswered, should therefore be considered as having been admitted.
The plea having admitted the signing and delivery of the note chiefly in blank, the plaintiffs, on an issue on the plea, would, in the first instance, be required to prove nothing, because all they could be bound to prove, on an issue on a general plea of non est factum, would be a fact admitted by this special plea; that is, the genuineness of the signatures of the defendants; and therefore, as an issue on the plea would throw the onus on the defendants, it was necessary to conclude the plea with a verification.
If a defendant plead duress, a general replication averring only that the note or bond is the genuine act and deed of the defendant, would undoubtedly be insufficient upon demurrer. Precisely so, for the same reason, on this plea.
*261 Wherefore, on deliberation, we are of the opinion that, as the replication did not traverse the material facts averred in the third plea, and, as those facts, if true, should bar the action, the Circuit Court erred in overruling the demurrer to that replication; and that, as the demurrer was never waived, the error has not been cured by the verdict or otherwise.
It is, therefore, considered that, the judgment of the Circuit Court be reversed, and the cause remanded, with instructions to sustain the demurrer to the replication to the third plea.