Nash, J.
 

 We think there was error in the opinion given by his Honor below.
 

 It is the well settled rule, that when the witness is equally interested on both sides, he stands indifferent.
 
 *80
 

 Smith
 
 v.
 
 Harris,
 
 3d Eng. Com. L. R. 238. There the action was for giving a false credit to Hollingsworth. His testimony was objected to, on the ground that he was interested, but was received by the Court as he stood indifferent, being liable to the plaintiff, for the goods sold if the action against the defendant failed, and liable to the latter if it succeeded. Upon the same principle, the witness was held competent in the cases of
 
 Martineau and others
 
 v.
 
 Woodland,
 
 12 E. C. L. R. 32, and in
 
 Hewitt
 
 v.
 
 Thompson,
 
 12 do. p. 178, and in
 
 Collins
 
 v.
 
 Gwynn,
 
 23 E. C. L. R. 380. In the case
 
 Lovet
 
 &
 
 Browne
 
 v.
 
 Adams
 
 &
 
 others,
 
 3 Wendell 380, a co-obligor was held to be a competent witness'for the plaintiff to prove the execution of the bond. In this Court the same point has been decided in the cases of
 
 Ligon
 
 v.
 
 Bunn,
 
 6 Ired. 133, and
 
 Cummins
 
 v.
 
 Coffin,
 
 7 Ire. 196. And Justice Savage in the
 
 Bank of Utica
 
 v.
 
 Hillard, 3
 
 Cow. 160, lays down the rule we are discussing, very much as Lord Kenyon does. To apply the principle of these cases to the present. The money, sought to be recovered by the plaintiff was originally due from Westbrook, and the defendant, for a sufficient consideration, agreed with the plaintiff to pay it to him. Westbrook then stood entirely indifferent between the parties. If Cox paid the money to the plaintiff, it would be either a voluntary payment made by him, which would give him no claim upon Westbrook for its return, or he would pay the money as a surety, in which case he would have a claim, and in neither case, was Westbrook an incompetent witness. If the plaintiff failed in the action against Cox, Westbrook was still liable to him, upon the original
 
 contract;
 
 if he succeeded hs would be liable to Cox, not only for the amount of the debt, but for the costs expended by him, in this case, so that his interest lay more in defeating, than in sustaining the action.
 

 We have looked into the authorities cited by the de»
 
 *81
 
 fend ant, but do not think they interfere with the principle which governs this case.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 ordered.