## ATWOOD'S ADM'R *vs.* WRIGHT ET AL.

[ACTION ON NOTE GIVEN FOR PURCHASE MONEY OF SLAVE AT PUBLIC SALE BY ADMINISTRATOR—COMPETENCY OF WITNESS—MISREPRESENTATIONS BY AUCTIONEER.]

1. *Competency of surety as witness for principal.*—In an action against the principal, on a promissory note executed by him, in this State, jointly with several sureties, a surety who is not sued is a competent witness for him.

2. *Fraud, when good defense to note.*—The maker of a promissory note, given for the purchase money of a slave, at a public sale made by an administrator under an order of court, may set up fraud in the sale as a defense to the note.

3. *Fraud of agent affects principal.*—The fraud of the auctioneer by whom the sale was made, although he was not authorized by the administrator to make the fraudulent representation, is a good defense to a suit on the note for the purchase money.

4. *When misrepresentations amount to fraud.*—Representations of soundness. recklessly made by the auctioneer for the purpose of inducing the purchaser to buy, may amount to fraud, although the auctioneer did not know at the time that they were false; and if the purchaser buys on the faith of such representations, the fact that the administrator gave public notice, before the commencement of the sale, " that no warranty of soundness would be made, and that every purchaser must judge for himself," does not avoid the defense of fraud.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. NAT. COOK.

THIS action was brought by F. K. Beck, as administrator of Henry S. Atwood, deceased, and was founded on the defendants' promissory-note for $575. The defendants pleaded, 1st, " that they do not owe the debt or demand for the recovery of which this suit is brought"; and, 2d, " that said note was given for the purchase money of a slave, named Mary Ann, sold by the plaintiff and his co-administrator, C. C. Sellers, deceased, at the sale of the property of plaintiff's intestate, to the defendant Virgil W. Wright; which said slave was represented at the sale, by the auctioneer, to be sound, when in fact she was at that time unsound, and was so known to be by the auctioneer and said Sellers." The plaintiff demurred to the second plea, but the record nowhere shows that the court acted on the demurrer.

On the trial, as appears from the bill of exceptions, after the plaintiff had read the note in evidence, "the defendants offered as a witness one Jonathan Hazle, who testified, (said note having been given for a negro woman, named Mary Ann, at a judicial sale of the personal property of said Atwood, by his administrators, under an order of the probate court,) that one Duncan Patterson, as auctioneer, being employed by plaintiff, sold said slave, and said Virgil Wright bid her off, at the amount of said note ; that while said auctioneer was crying her, said slave spoke, and said, 'that she was diseased, and had a knot in her belly'; that the auctioneer then said to her, audibly, in a jocular way, 'hush, you are not diseased, you have eaten too many peas or potatoes, and they have swelled your belly'; that the bidding had stopped when this remark of the auctioneer was made, but was afterwards resumed, and said Wright became the purchaser. This witness, and others, proved said slave to have been unsound before the sale, and almost (if not quite) valueless ; and it was further in proof, that said Wright, before the sale was over, discovering her unsoundness, tendered her back to the plaintiff, who refused to receive her. The plaintiff, in reply, showed by proof, that the sale of said slave, together with two or three hundred others of the estate of said Atwood, was made under an order of the probate court of Wilcox, and said Patterson was the auctioneer at the sale ; that before the sale commenced, and repeatedly during the sale, said C. C. Sellers, one of the administrators, publicly announced that the sale was an administrator's sale, that the administrators knew none of the negroes, except a few house-servants, and would warrant none of them to be sound, and that every person wishing to buy must examine and judge for himself ; and that these proclamations were severally made before the sale of Mary Ann."

"To prove a tender of said slave back to the plaintiff, the defendants offered as a witness one William Vaughn, who was a surety on the note sued on, but was not sued in this action. The plaintiff objected to his competency, but the court overruled the objection, and allowed him to testify ; and to this the plaintiff excepted. Said witness proved a tender by plaintiff's admission ; and further, that plaintiff said no

jury in Wilcox would ever give a verdict against the defendants on the note."

"There was no evidence before the jury, that either Patterson or either one of the administrators knew of the unsoundness of said slave; but, on the contrary, the evidence strongly tended to show that they were ignorant of it."

On this evidence, the plaintiff asked the following charges:

"1. That the defendants, under the issue formed on the second plea, were bound to prove that Patterson and Sellers, before the sale of said slave, knew her to be unsound. The court refused to give this charge, and the plaintiff excepted."

"2. That Patterson, the auctioneer, was the agent of the purchaser, as well as of the seller. This charge the court gave, but with this qualification: that if the auctioneer practiced a fraud on the purchaser, the purchaser had the right to make that defense in this action. To this qualification of the charge the plaintiff excepted."

"3. That if Sellers, one of the administrators, gave public notice, before the sale commenced, that no warranty of soundness would be made, and that every body must judge for himself,—then, any misrepresentations afterwards made by the auctioneer, without the knowledge or consent of the administrators, cannot bind them. The court refused this charge, and the plaintiff excepted."

The refusal of the several charges asked, and the qualification given to the second charge, are now assigned as error.

GEO. W. GAYLE and S. D. HAYS, for appellant.—1. Vaughn was not a competent witness, because he was a surety on the note which was the foundation of the suit. At common law, he was clearly incompetent.—1 Green. Ev. § 392. He was not rendered competent by a deposit of money in court, under section 2286 of the Code; nor was he competent under section 2302, because the verdict and judgment, if in favor of the defendants, would be evidence for him in a subsequent suit on the note.—Steamboat Farmer v. McCraw, 26 Ala. 204.

2. The first charge asked should have been given. The plea averred fraud, and should have been sustained by proof.

3. The qualification given to the second charge asked was erroneous. The record shows that, if the auctioneer was

mistaken, or acted fraudulently, it was not within the scope of his authority; and that the administrators publicly announced that purchasers must examine and judge for themselves. A principal cannot be prejudiced by the mistake or fraud of his agent, unless it clearly appears that the agent was acting within the scope of his authority.—Lee v. Monroe, 7 Cranch, 368. The sale being by order of the court, the maxim applies, *caveat emptor.*—Worthington v. McRoberts, 9 Ala. 299; Pool v. Hodnett, 18 Ala. 755 ; 9 Wheaton, 649.

4. The court erred in refusing the third charge asked. Even if an administrator may, under some circumstances, be held responsible for the declarations of an auctioneer, he certainly cannot be, if the assertion of soundness was not made in his hearing, and without his cognizance. The auctioneer was a special agent, and had no authority to warrant. Story on Agency, § 27 ; Paley on Agency, 170 ; 9 Wheaton, 647. The agent must strictly pursue his authority ; and persons dealing with him must, at their peril, know the extent of his authority.—Powell's Adm'r v. Henry, 27 Ala. 612; 9 Porter, 210 ; 3 Stewart, 26 ; Nixon v. Hyscrott, 5 Johns. 58 ; Gibson v. Colt, 7 Johns. 393.

WATTS, JUDGE & JACKSON, *contra.*—1. Vaughn was a competent witness, not being a party to the suit. The verdict and judgment would not be evidence for him in another suit. Kornegay v. Sallee, 12 Ala. 537 ; Douglass v. Howland, 24 Wendell, 52 ; Moss v. McCollough, 5 Hill, 131 ; Jackson v. Griswold, 4 Hill, 522 ; Fox v. Whitney, 16 Mass. 119 ; 2 Smith's Leading Cases, 109.

2. It was not necessary, in order to make out the defense of fraud, to show that either the administrators or the auctioneer knew that the slave was unsound. Any reckless assertion, if it misleads and injures the purchaser, authorizes that defense.—Munroe v. Pritchett, 16 Ala. 789 ; Smith on Contracts, 72–6 ; 1 Story's Equity, 166.

3. The principal is bound by the representations of his agent, the auctioneer, in making the sale, whether they were known and authorized or not.—Story on Agency, §§ 134–7.

RICE, C. J.—The first question is, whether a surety not

sued is a competent witness for his principal, in a suit against the latter founded on a promissory note executed by them in this State.

It may be conceded that, according to the civil law, he would be incompetent ; for, by that law, the obligation of the surety being dependent upon that of the principal, the surety was regarded as the same party with the principal, with respect to whatever was decided for or against him, and was allowed to oppose all the exceptions *in rem* which could be opposed by the principal, and to "appeal against the judgment, or to form an opposition to it, if it be in the last resort."— Pothier on Obligations, part 4, c. 3, A. 5, § 62 ; McKellar v. Bowell, 4 Hawks, 34 ; Douglass v. Howland, 24 Wend. 54. But that is not the law which furnishes the rule of decision for us. We must decide the question above stated, by the principles of the common law, and the provisions of our own statutes.

By statute, the obligation, or promise, of the joint promissory note, is *several,* as well as joint.—Clay's Digest, 323, § 61 ; Code, § 2143 ; Duramus v. Harrison, 26 Ala. R. 326. By section 2302 of the Code, the witness, although interested in the event of the suit, or liable for costs, is competent, " unless the verdict and judgment would be evidence *for him* in another suit." By the common law, they cannot be used as evidence *for him,* unless they would have been evidence *against him,* had they gone contrary. If they had gone for the plaintiff, they could not, according to that law, have been used by him in a subsequent suit on the same note against the witness ; because he was neither a party to the suit against the principal, nor a privy. He bound himself by the note, simply as surety, *for the payment of a fixed sum of money;* but not to pay the amount of any judgment that might be rendered against the principal, nor to abide the event of any suit against the principal. There is nothing in the *nature or terms of his obligation,* which, upon common-law principles, could make the mere verdict and judgment against the principal any more admissible against him, than against the merest stranger. The nature and terms of his obligation differ widely from those which are properly held to render a judgment against the principal evidence against his sureties;

such as bonds by which sureties do not contract absolutely for the payment of a fixed sum, but bind themselves that their principal shall abide the event of a suit, and other bonds or agreements *from the nature of which* it is plain that the sureties *mean to be affected or concluded* by the event of a suit against their principal, or by his acts or admissions.— McKellar v. Bowell, 4 Hawks, 34 ; Douglass v. Howland, 24 Wend. 35 ; Ward v. Wilkinson, 4 Barn. & Ald. 410 ; 1 Starkie on Ev. 175, 176 ; Brahan v. Ragland, 3 Stew. R. 256 ; McLelland v. Ridgway, 12 Ala. R. 482 ; Crutchfield v. Hudson, 23 Ala. R. 393 ; Williamson v. Howel, 4 Ala. R. 693 ; McClure v. Colclough, 5 Ala. R. 65 ; Price v Cloud, 6 Ala. R. 248 ; Jones v. Kolisenski, 11 Ala. R. 607 ; Lovett v. Adams, 3 Wend. 380 ; Ligon v. Dunn, 6 Iredell, 133 ; Moffit v. Gaines, 1 *ib.* 158 ; Baker v. Briggs, 8 Pick. R. 122; 3 Phil. Ev. (ed. of 1839) 1536 ; 2 Starkie on Ev. 775, 786 ; 2 Smith's Leading Cases, 44 Law Library, top page, 81.

Without extending this opinion unnecessarily, we deem it sufficient to declare, that a surety not sued is a competent witness for his principal, in a suit against the latter founded on a promissory note executed by them in this State ; and that the reasons upon which his competency rest, are fully stated in the authorities hereinabove cited.

2. The maker of a note given on the purchase of a slave, at a sale made by an administrator, can set up *a fraud in the sale*, in defense of a suit on the note.—Rice v. Richardson, 3 Ala. R. 428.

3. The right to make such defense is not destroyed, by the mere fact that such fraud was not perpetrated by the administrator himself, but by the auctioneer employed by him to make the sale, whilst in the very act of making the sale. For it is well settled, that no one can hold an interest obtained through the fraud of another, any more than if the fraud were committed by himself. In legal contemplation, it is as much against conscience to attempt to avail one's self of the iniquity of an agent, after it is known, as if there had been pre-concert. Although the agent was not authorized by the administrator to make the representation which deceived the defendant, and which induced him to bid for the slave the price for which the note sued on was given ; yet, if that

representation was false and fraudulent, its consequences cannot be avoided by the administrator, when they are set up as a defense to a suit brought by him on that very note. If the interests gained by the fraud of the agent could be held by the administrator in such case, fraud would place itself beyond the reach of the court, and gain the mastery over the law.—Bowers v. Johnson, 10 Smedes & Marsh. 169; Meadows v. Smith, 7 Iredell's Eq. Rep. 7; Harras v. Delamar, 3 *ib.* 219; Huguenin v. Basley, 2 White & Tudor's Leading Cases in Equity, pt. 2, top page, 64.

4. Misrepresentations may amount to a fraud, although the party making them did not at the time *know* them to be false; as, where, not knowing them to be true, he makes them recklessly, for the purpose of influencing the person to whom they are made to purchase a particular chattel, and does thereby influence him to purchase that chattel, *to his detriment.*—Munroe v. Pritchett, 16 Ala. Rep. 785 ; Smith v. Robertson, 23 Ala. R. 312 ; Stewart v. Bradford, 26 Ala. R. 110 ; Read v. Walker, 18 Ala. R. 323.

As a general rule, it is sufficient for the party upon whom lies the burden of proof, to establish *the substance* of the issue. This rule, in connection with the principles hereinabove stated, justified the refusal of the first charge asked by the plaintiff. Under the issue formed on the second plea, the defendant was not *"bound* to prove" that *both* " *Patterson and Sellers knew* the negro to be unsound *before the sale* of her."

The qualification with which the court below accompanied the second charge asked by the plaintiff, must be construed in connection with the evidence ; and thus construed, it is defensible upon the principles of law above laid down.

The third charge asked by the plaintiff, was properly refused. It is in conflict with the views above expressed by us. It disregards the well-known difference between *warranty* and *fraud*, and assumes, in effect, that public notice, given by the administrator before the commencement of the sale to be made by him, "that no *warranty* would be made of soundness, and every body must judge for themselves," would amount to a license to the *auctioneer* employed by him, to deceive and defraud, by misrepresentations made "without the knowledge or consent of the administrators," every purchaser at the

sale!. Whether such misrepresentations of the auctioneer could "bind" the administrator *personally*, was not a material question in this case. .The defendant was not attempting to "bind the administrator *personally*", by any such misrepresentation, but to use such misrepresentation merely in defense of the suit brought on the note.

No decision on the pleadings appears to have been made against the plaintiff.

There is no error in the rulings of the court below on the points embraced by the assignment of errors; and its judgment is affirmed.