# Mayberry *v.* Leech, Harrison & Forwood.

## *Action on Account Stated.*

1. *Set-off; plea of, what evidence does not authorize.*—A plea of set-off for "moneys collected" for insurance on goods shipped plaintiff and not accounted for, etc., interposed to an action against defendant upon account, does not authorize any evidence or question as to want of diligence on the part of the plaintiff, in not obtaining the part of the shipment not lost, and on which insurance was not collected.

2. *Recoupment, defense of; what confined to.*—The defense of recoupment is confined to matters arising out of, or connected with the transaction which forms the basis of the plaintiff's claim; and the court properly instructs the jury to find against the plea, if it be shown that the matters upon which it rested, do not arise out of, and are unconnected with the matters upon which the plaintiff's action is based.

3. *Debt; where payable.*—In general, in the absence of something to the contrary in the contract, it is the duty of the debtor to make payment at the residence of the creditor—hence, where suit is brought here to recover a debt calculated according to the standard of a foreign country, and payable there, the verdict is properly directed for the amount of legal tender notes, at the time of the trial, required to put the amount due the plaintiffs at the place of their residence.

4. *Charge of court; what exception to unavailing.*—It is the duty of a party excepting to the general charge of the court to point out specifically the error complained of, that the court below may have the opportunity to correct it if erroneous, or the opposite party may waive the giving of the objectionable part. A mere general exception does not accomplish this purpose, and if reserved to the entire charge, containing distinct and separate propositions, some of which are correct and others incorrect, the exception will be unavailing.

5. *Same.*—An exception to the general charge of the court, couched in language as follows, "To which charge, *and each and every part of it, defendant excepted,*" is a mere general exception, and unavailing, unless the charge is erroneous as an entirety.

6. *Same; when refusal to give, not revised.*—The refusal to give charges requested, will not be revised on error, unless it affirmatively appears they were asked for in writing.

APPEAL from Circuit Court of Mobile.
Tried before Hon. H. T. TOULMIN.

The opinion states the facts.

BOYLES & OVERALL, for appellants.

D. C. ANDERSON and T. A. HAMILTON, *contra.*

MANNING, J.—Appellees, merchants of Liverpool, England, sued appellants as executors of D. O. Grady, deceased, for £539 3s. 6d. alleged to be due as the balance of an account, on the 31st December, 1871. One of the pleas of defendant, in short, was: "Off set of the sum of nine hundred and eighty pounds sterling, *monies collected* for insurance of cotton, shipped by the steamer "Rhine," and lost and not paid to D. O. Grady, nor credited for to him or his legal representatives."

In respect to this, the cotton was insured for £2,600, of which £2,135 7s. 4d. were accounted for to D. O. Grady. The vessel was wrecked in the West Indies. "All the insurance money was not collected, because it was not a total loss. It was a particular average claim, and was regularly adjusted by Messrs. Bailey, Lowndes and Stockley, average adjusters of Liverpool. The said D. O. Grady was credited with the full amount" received by plaintiffs, less certain deductions, which were shown to be proper. It was shown, also, that plaintiffs did not get any of the cotton shipped by the Rhine.

Appellants desired the court to instruct the jury to the effect that the plaintiffs were accountable for the value of the cotton saved, or for the balance of the sum for which it was insured, if they failed to get the same by want of due diligence, and that the burden was upon them, as the evidence stood, to show that they had used due diligence and effort to do so. The court correctly refused to give such a charge for the reason, that under the plea, the question of diligence or negligence in that respect, was not put in issue. The off set pleaded was of moneys actually collected and not accounted for.

Appellants also pleaded recoupment, that their testator had, in 1867, sustained a loss, to a large amount, by the failure of plaintiffs to obey his instructions, in not selling a certain other large quantity of cotton shipped by Grady, on a vessel called the "Caribean," to them for sale. There was no evidence to support this plea; and the transaction to which it related, and others following it, had been fully settled up and closed long before the dealings were had, out of which plaintiff's present claim arose. The court charged the jury that, "if they were satisfied from the evidence that the matters of that transaction form no part of the balance

[Mayberry v. Leech, Harrison & Forwood.]

sued for in this action, they should find against the defendant, so far as the plea of recoupment was concerned."

In this there was no error. A defense by way of *recoupment*, denies the validity of the plaintiff's cause of action, to so large an amount as he claims. It is not an independent cross demand, like a separate and distinct debt or item due from the plaintiff, but is confined to matters arising out of or connected with the contract, or transaction, which forms the basis of the plaintiff's claim.—Waterman on Set-off, § 424. *Batterman v. Pierce*, 3 Hill, 171.

Appellant's counsel contended that the jury ought to have been instructed that, if they should find in favor of plaintiffs, they should, in determining the amount of their verdict, ascertain how much the sum due in pounds, shillings and pence, in England, amounted to in American gold coin, and that they could not add to that amount any more than the difference of exchange in favor of England upon such gold coin. This the court properly refused. A judgment in dollars here, is solvable in the legal tender treasury notes issued by the United States to circulate as money, which were shown to be below par in comparison with gold. It is the duty of a debtor to pay his creditor, when nothing in the contract or transactions between them changes the general rule, at the place of residence of the creditor. What appellants owed to the plaintiffs, was due to them in English money, in England; and the verdict in the court below should have been rendered for so many dollars and parts thereof, as it would require in legal tender notes of the United States, at the time of the trial, to put the amount due to plaintiffs at Liverpool in England. It required this much to make the plaintiffs whole. The court, in effect, so charged the jury.

These are the only material questions, which it was intended that this record should present. But it does not properly present them.

In *Holland v. Barnes*, (53 Ala. pp. 87–8,) in reference to the manner of excepting to charges to the jury in a lower court, it was said: "The court gave a lengthy charge to the jury to which a general exception was reserved. The charge certainly asserts several correct legal propositions arising out of the evidence. The exception is directed as well against these propositions, as against any other parts of the charge. Unless it was maintained as well to these propositions as to others supposed to be erroneous, we would be compelled to do for the appellant what he would not do for himself, to analyze the charge, and if error is found in it, to direct the exception to the error. That was his duty, which he can not

devolve on this court,"—or, we may add, on the judge of the court below. " If there be error in the charge, and the attention of the court had been called to it by an exception, it could then have been corrected. Or, the appellee may have deemed the charge, in the respect singled out, as erroneous, not important to a recovery, and have waived it. The appellant can not, by a general exception of this character, deprive the court of the power of correcting an error into which it may have fallen by an inadvertence, nor his adversary of the right to waive it, rather than incur the hazards of a reversal. No such general exception can be supported, unless the charge as a whole is erroneous."

We reproduce and call attention again to this ruling, in order to correct, if possible, a very embarrassing practice, and avert protracted, expensive and unnecessary litigation.

The exception to a long charge given to the jury, in this instance, by the circuit judge voluntarily, and consisting of several distinct instructions upon different aspects of the case, some of which instructions were obviously correct, is as follows : " To which charge, and each and every part of it, defendants excepted." And to the eleven instructions given by the court, at the request of the appellee's counsel, and of which the same observation may be made, that some of them were obviously correct, the exception is as follows : " To all of the above charges, and each and every part of the same, the defendants excepted." Now, it is apparent that exceptions in this form, are obnoxious to the very criticism, directed in the extract above, against a merely general exception. They do not indicate in what the supposed errors consist, so as to enable the judge to correct his charge, or the other party to waive it, when it is inadvertently erroneous in the particular mentioned, or is not material to the decision of the cause.

Exceptions like those just quoted from the record before us, have often been held to be general exceptions and therefore unavailing, when made to testimony in a cause. And the reasons for such a ruling in those instances, hold equally good when the exception is made in like manner to a charge of the court as a whole, which consists of several distinct and complete instructions, some of which are correct.

In respect to the charges asked by the appellants and refused by the court, it does not appear that they were in writing, as the statute requires they should be. And it has been several times decided to be a sufficient reason for sustaining the refusals of the circuit judges to give instructions asked, that the record does not show that they were in writing.

As the decisions referred to in regard to the practice, have some of them been made so recently that they may not have come to the knowledge of counsel when this cause was tried, our satisfaction is greater at perceiving that there was no such error committed by the court below in its charges and refusals to charge, as could produce injury to appellants.

Let the judgment of the Circuit Court be affirmed.