# Smith *v.* Sweeney.

### *Detinue for Recovery of a Horse.*

1. *General exception to charge ; what is, and its effect.*—When the general charge of the court enunciates distinct propositions of law, which are separable, one from the other, and consists of several paragraphs, which are neither numbered nor otherwise marked, so as to designate the parts into which the charge is divided, an exception thereto in these words: "To which charge the defendant excepted, separately and severally, and as a whole," is only a general exception to the entire charge, and can not avail, on appeal, unless each part of the charge is erroneous.

2. *General exception to the refusal of several charges unavailable, when one is incorrect.*—Where several written charges were asked, some of which were given and the others refused, an exception to the rulings of the court thereon in these words: "Which charges were refused by the court, and to which refusal the defendant excepted," is only a general exception to "a mass of charges refused," and the party excepting can take nothing thereby, if any one of the charges asked asserts an incorrect legal proprosition.

3. *Suggestio falsi ; when it will authorize recission of contract.*—If in a negotiation for the purchase of a horse, or preparatory thereto, the party desiring to purchase recklessly, or without knowledge whether it was the truth or not, made a material statement *as fact*, which, if true, would be calculated to influence the conduct of the party selling, and did influence him in making the sale, then, if the statement turned out to be false in fact, this was such a fraud on the seller as would authorize him to rescind the contract.

4. *Relation of trust and confidence ; when it exists, and its effect upon contracts made between parties sustaining such relation.*—Between the owner of a horse and a party who has undertaken to train it for a reward, there exists a relation of trust and confidence; and in addition to the duty of honest, faithful service, the law imposes upon the latter the duty of truthful and faithful report of all within his knowledge affecting the value of the horse; and a purchase of the horse by such party, in person, or through another, without having first made a full and candid disclosure of all that had come to his knowledge, affecting the value and speed of the horse, is a fraud upon the seller, which will authorize him to rescind the contract of sale.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

This suit was brought by Edgar J. Sweeney against Williard B. Smith; to recover a horse. On the trial the evidence disclosed, that the horse in question was purchased by the plaintiff on account of his pedigree; that the plaintiff placed the horse with the defendant, who was a livery stable keeper, and experienced in training trotting horses, to keep and train for him as a trotter, for which he agreed to pay defendant at the rate of

$30 per month; and that he never drove the horse after he had placed it with defendant, and only saw it in harness once or twice. The evidence also tended to to show that the defendant kept the horse about two months for plaintiff, and that during that time the defendant always spoke disparagingly of the horse, stating to plaintiff, that it had neither speed nor gait, and never would make a trotter, and was only fit for a saddle horse; that the plaintiff became discouraged about the horse on account of these representations, and finally sold it to one Hammond, who approached him on the streets with a proposition to buy, for an amount much less than the horse's true value; that afterwards plaintiff discovered facts tending to show that the representations made by defendant touching the horse were untrue; that Hammond had purchased the horse for defendant, and with defendant's money, and that the horse had never left defendant's possession; that thereupon the plaintiff tendered to defendant the amount he had received for the horse, and demanded possession thereof, which was refused.

The assignments of error are based on the charge given by the court and upon the refusal of the court to give certain charges asked by the defendant. These are sufficintly stated in the opinion.

J. LITTLE SMITH, for appellant. (No brief came to the hands. of the reporter.)

BOYLES, FAITH & CLOUD, *contra.* (1). The exception to the general charge of the court does not point out the particular matter deemed obnoxious by appellant. It is a general exception to the entire charge. The exception will, therefore, avail the appellant nothing, unless the whole charge is incorrect.—59 Ala. p. 272; *Ib.* p. 570; *Ib.* p. 625; 58 Ala. p. 339; 53 Ala. p. 87. (2). The exception to the refusal of the court to give the several charges asked by the appellant, is to the ruling of the court on all these charges, and not to the separate ruling on each of them.—*Eagle & Phœnix Man'f'g Co. v Gibson,* 62 Ala. p. 369. In such case, this court will not sift these charges to find out some error inadvertently committed by the court in its rulings, but will consider them as an entirety, and not each of them separately.—Authorities *supra.* (3). "An agent, if he purchases property of his principal, must communicate fully and truly every fact in relation to such property within his knowledge; and he must also be known as the purchaser, for if he acts secretly, the contract will certainly be held to be fraudulent."—1 Perry on Trusts, p. 246, § 206; 4 Wait's Ac. & Def. p. 446; 4 U. S. Dig. p. 319, § 5; 1 Mason, 341; 49 Ill. 17; 43 *Ib.* 126; 47 *Ib.* 114; 1 Gilm. 626; 21 N. Y. 238;

[Smith v. Sweeney.]

31 Ala. 428; 11 Ala. 345; 5 Ala. 596; 28 Ohio St. p. 10. (4). "Fraud will vitiate any, even the most solemn transactions; and an asserted title to property, founded upon it, is utterly void."—14 Peters, p. 594; 1 Cranch C. C. 585; 9 Port. 174; 5 Ala. 199; 7 Ala. 269; 2 Brick. Dig. p. 14. (5). Smith can not take advantage of his own wrong and claim any benefit therefrom.—7 Ala. p. 269; 11 Ala. p. 345; 2 Ala. p. 749. (6). Sweeney had the right to avoid the contract of sale.—30 Penn. St. 478; 79 Ill. 92; 62 *Ib.* 83; 4 S. & R. 487; 21 Vt. (6 Wash.) 129; 11 Ala. 531; 1 Brick. Dig. p. 59, § 98; 6 Nevada, 183; 3 Wait's Ac. & Def. p. 429; Benj. on Sales, 313–14; 42 Ala. 171.

STONE, J.—The general charge to the jury, given by the presiding judge in the court below, was in writing. It covers more than six pages of the folio transcript, and is made up of several paragraphs, but the paragraphs are not numbered, or otherwise designated, so as to show the parts, or any parts, into which the charge is divided. The only exception to this charge is in the following language: "To which charge the defendant excepted separately and severally and as a whole." Under the uniform rulings of this court, this can only be treated as a general exception to the entire charge as given. When a charge is divisible into separable or distinct propositions, the exception must point out the portion or portions of the charge objected to, that the presiding judge, having his attention directed to the subject, may recall or modify his own rulings; or, opposing counsel may have the opportunity of having that part of the charge withdrawn. If the exception fail to specify the part or parts objected to, then the exceptor takes upon himself the burden of showing the whole charge incorrect; and failing in any respect, his exception avails him nothing—*Chapman v. Holding*, 60 Ala. 522; *Holland v. Barnes*, 53 Ala. 83; *Owens v. The State*, 52 Ala. 400; *Bernstien v. Humes*, 60 Ala. 582; *Hardin v. The State*, 63 Ala. 39; *Gray v. The State*, 63 Ala. 66; *Mayor v. Rumsey*, 63 Ala. 352; *S. & N. R. R. Co. v. Sullivan*, 59 Ala. 272; *Mayberry v. Leech*, 58 Ala. 339. This last case is almost precisely like the one under consideration, and is decisive of the question we have been considering.

Defendant asked sixteen written charges, eleven of which were refused. The following is the only exception to the ruling on the charges requested: "Which charges were refused by the court, and to which refusal the defendant excepted." This being a general exception to a mass of charges refused, it follows, under the authorities cited above, that if any one of the charges asked assert an incorrect legal proposition, the appellant can take nothing by his exception, although every other

charge asked may assert a legal truism.—*Mayberry v. Leech*, *supra; Beaver v. Hardie*, 59 Ala. 510; *McGehee v. The State*, 52 Ala. 224.

Applying these principles, it is manifest, that much of the general charge is free from error. Few of its utterances are assailed in argument, and we apprehend counsel of appellant would admit that, in the main, it correctly declared the law.

In the ninth charge asked is the following language: "In order to set aside the sale, the representations of Smith must have been false at the time they were made, and Smith must have known them to be false." If there had been no relation of trust and confidence between Sweeney and Smith, this is not the rule for testing the *suggestio falsi*, as laid down in this court. If in the negotiation, or preparatory to it, Smith recklessly, or without knowing whether it was the truth or not, made a material statement *as fact*, which if true, would be calculated to influence the conduct of Sweeney, and did influence him in making the sale, then, if the statement turned out to be false in fact, this was such a fraud on Sweeney, as would authorize him to rescind the contract.—*Munroe v. Pritchett*, 16 Ala. 785: *Atwood v. Wright*, 29 Ala. 346; *Foster v. Gressett*, *Ib.* 393.

But this case is much stronger. If the testimony be believed, there was a relation of trust and confidence between Smith and Sweeney. The conscience of the former was charged with honest, faithful service to the latter, and of truthful, faithful report of all within his knowledge, affecting the value of the horse, which he had undertaken to train for a reward. The fact that Smith employed an unsuspected third person to effect the trade for him, is itself a suspicious circumstance against him, and does not in the least relieve him of the duty of fully informing Sweeney of the progress, performance and capabilities of the horse he had in training. Unless, before purchasing, he made a full and candid disclosure of all that had come to his knowledge, affecting the value and speed of the horse, he committed a fraud on his employer, and the law will not uphold him in such ill-gotten gains.—*Thompson v. Lee*, 31 Ala. 292; *Huguenin v. Baseley*, 14 Ves. 273; 1 Sto. Eq. Jur. §§ 315, 316, 316a; and authorities on brief of counsel in this case. The presiding judge submitted this question to the jury quite as fairly as the defendant could claim, and the jury, by their verdict, have convicted him of the fraud charged. Charge 9 should not have been given.—*Ferguson v. Lowery*, 54 Ala. 510.

We have singled out this charge for comment, not because we think it alone is erroneous. We thought it more clearly and patently faulty, and have therefore confined our remarks

to it.   We are not convinced the Circuit Court, in any of its rulings, erred to the prejudice of appellant; but we consider it unnecessary to decide or discuss other questions.

Affirmed.