# Alabama Mineral Railroad Co. v. Marcus.

*Action against Railroad Company by an Employé to recover Damages for Personal Injuries.*

1. *Master and servant; duties and obligations of master to servant who is a minor.*—The mere fact of the minority of one engaged in a particular business, does not, of itself, necessarily impose upon the master any greater degree of care in respect of such minor than would be imposed upon him had the servant attained full age; but it is where such minor is immature in mental and physical faculties and capacity that the law requires that the master must have special regard for him.

2. *Same; same; facts of this case.*—In an action against a railroad company brought by a section hand of the defendant, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's section foreman in ordering a hand-car upon which the plaintiff was riding to be propelled at too high a rate of speed, by reason of which plaintiff was thrown from the car and injured, where it is shown that the plaintiff was nineteen years old and was fully matured physically and mentally for one of his age, charges to the jury which instruct them that the mere fact of minority, irrespective of the maturity or immaturity of the minor, necessarily imposed on the defendant the duty of exercising, in respect of the plaintiff, a degree of care greater than that required respecting an adult, is properly refused; since such charges give too much prominence to the mere fact of the plaintiff's minority, without proper consideration for the extent of his maturity.

3. *Trial and its incidents; weight of evidence to authorize recovery.* In a civil case, a mere preponderance of evidence on one side or the other does not necessarily afford a basis for a verdict, nor does the mere fact that the jury may have "more belief" that one party has sustained his case or defense than they have belief as to the other

party, authorize a verdict for the former; but in order to authorize a verdict, the jury must be reasonably satisfied that the facts essential to the maintenance of the cause of action or to the effectuation of the defense have been established.

4. *Negligence*; *measure of damages*; *charge to the jury.*—In an action to recover damages for personal injuries, where there is no evidence of plaintiff's earning capacity nor as to the extent to which it was lessened on account of the alleged injury, a charge which instructs the jury that if they should find for the plaintiff they must assess his damages "at an amount equal to the present cash value of one-half of his probable earnings during the continuation of his life," is properly refused; there being no data in evidence upon which the jury were authorized to admeasure the plaintiff's damages in such manner.

5. *Action for negligence; admissibility of evidence.*—In an action brought against a railroad company by one of its section hands to recover damages for personal injuries alleged to have been caused by reason of the defendant's section foreman running a hand-car at too great a rate of speed, whereby the plaintiff who had been employed as such section hand for only five days was thrown from the car and injured, evidence that the plaintiff "had not run that fast on the hand-car before," and that the other men on the car had worked "longer on that section than the plaintiff," is irrelevant and impertinent to any issue in the case and, therefore, inadmissible.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. GEORGE E. BREWER.

This suit was brought by the appellee, R. L. Marcus, against the appellant, the Alabama Mineral Railroad Company, to recover damages for personal injuries, received by him while in the employ of the defendant as a section hand.

The complaint, as originally filed, contained six counts. The court sustained demurrers to the 1st, 2d and 4th counts, and gave the general affirmative charge in favor of the defendant upon the 6th count, leaving only the 3d and 5th counts, upon which the trial was had. In the 3d count, the plaintiff set up the facts that while in the employ of the defendant as a section hand, and riding upon a hand-car in the discharge of his duties as such employé, he was instructed by one Holmes, the foreman of the section, to take hold of the front handle of the lever of the hand-car, for the purpose of helping to propel it; that the plaintiff, being only 19 years of age at the time and having had only five days experience as a section hand, protested, but was again ordered by the foreman to take the position; that while in such

position propelling the car, the foreman "negligently ordered and permitted the section hands who were propelling said car to run the same at a great, dangerous and reckless rate of speed, whereby the plaintiff lost his hold on said handle, lost his balance, fell out of the car in front of it, and was run over by it, whereby his spine was injured, and he was permanently paralyzed and crippled," &c.

The negligence alleged in the fifth count was that "said foreman was superintending and controlling the running and operating of said car, and run and operated the same so negligently, to-wit, at so great, dangerous and negligent a rate of speed, that in consequence of which plaintiff, who was a minor nineteen years of age and had had only five days experience as a section hand, all of which was known to said foreman, fell from said hand car in front of the same, and said car ran over him, whereby his spine was injured, and he was permanently paralyzed and crippled," &c. The defendant pleaded the general issue and two pleas setting up contributory negligence on the part of the plaintiff.

On the trial of the cause, as is shown by the bill of exceptions, the plaintiff introduced evidence tending to show that at the time of the accident he was only nineteen years of age, and had been in the employ of the defendant only five days ; that he was ordered by the section foreman to go to the front part of the hand car to assist in propelling it ; that in doing so the car was run at such a high rate of speed, that the handle of the lever jerked loose from him and knocked him off. The plaintiff was then asked the following question : "State whether or not you had run that fast on the car before?" The defendant objected to this question, on the ground that it was illegal, irrelevant and incompetent, and duly excepted to the court's overruling his objection. The plaintiff answered that he had never run so fast before.

The evidence for the defendant tended to show that while the plaintiff was on the car, his hat blew off, and he turned the lever loose to get his hat, and that in doing so he lost his balance and fell from the car.

Upon the cross examination of E. C. Holmes, who was the section foreman, under whose direction the plaintiff was working at the time of the accident, he was

allowed to testify, against the objection and exception of the defendant, that there were three other men on the car beside the plaintiff, who had worked with him longer on the section than the plaintiff had.

In the court's oral charge to the jury, among other things, he instructed them as follows: (1.) "The whole question resolves itself down to this : was the company, through its section foreman, negligent in running or permitting to be run that hand car at the rate of speed at which it was run, and was that rate of speed so high, so unsafe, all the circumstances considered, that this young man who was on there under the circumstances shown thereby thrown from the car and injured? That is a question of fact which you, of course, must determine from the evidence. Now, if he had been an ordinary hand—an ordinary adult—the law would presume that he took in his own hands the ordinary risks, and under the evidence here he would not be entitled to recover. But the evidence tends to show that he was not 21, and that he had not, therefore, it may be, reached maturity ; in other words, it is a question for you to say, considering the condition, the development, the mental acumen testified to in regard to that young man, whether or not the company owed him more, the section foreman owed him more, as to the rate that handcar should run, than it would owe an ordinary adult."
(2.) "The plaintiff's right to recover here depends upon one thing, the negligence of the company, and the negligence depends upon but one thing, the inexperience and development on the part of the boy ; if it appear at all, it must be that way, there is no other way in which the company could be responsible or liable, because as I told you, if he had been an ordinary hand there, why the company, under the circumstances, would not be responsible, because there is no fact in this evidence which tends to show that for ordinary men engaged in that work there, that the rate of speed at which they were running was an unsafe or negligent rate of speed." (3.) "If you find that the rate of speed was an unsafe rate of speed, was too high a rate of speed, a rate of speed, considering the circumstances of the condition of one of the employés, a dangerous rate of speed, and by reason of that dangerous rate of speed, that unsafe rate of speed, this young man was thrown from the car without fault

on his part, then he would be entitled to recover." The defendant separately excepted to each of these portions of the court's general charge, and also separately excepted to the court's giving at the request of the plaintiff the following written charges requested by him : (A.) "A preponderance of the testimony does not necessarily mean the testimony of more witnesses, but only testimony which produces more belief on the minds of the jury." (2.) "The court charges the jury that while it is necessary for the plaintiff to make out his case by the preponderance of the evidence, still it is not necessary for the plaintiff to have more witnesses, or even as many witnesses as the defendant ; it is only necessary that the evidence for the plaintiff causes more belief in the minds of the jury, than the evidence of defendant, and if the jury after considering the evidence of all the facts and circumstances in the case are reasonably satisfied from the evidence that the injury to plaintiff was caused by the negligence of the defendant, without fault on the part of the plaintiff, then the jury should find for the plaintiff." (5.) "If the jury after weighing all the facts and circumstances in the case as given in evidence before them, have more belief that the plaintiff was injured through negligence of the defendant without fault on his part, than they have to the contrary, then it is their duty to find for the plaintiff, no matter how many witnesses testified for the defendant, or how few testified for the plaintiff." (7.) "If the jury should find for the plaintiff, then if they believe from the evidence that plaintiff's ability to earn money is lessened one-half by his injury, and that it will be lessened during his life, then the jury should give him as damages therefor, an amount equal to the present cash value of one-half his probable earnings during the probable continuance of his life under the evidence, together with damages for whatever bodily and mental pain and anguish the evidence may show he has suffered from said injury." (8.) "The court charges the jury that the care to be observed by employer to avoid injuries to minors is greater than than that in respect to adults ; that course of conduct which would be ordinary care when applied to persons of mature judgment and discretion might be gross negligence toward minors." (11.) "It is the duty of an employer in a dangerous occupation to exercise more

care and diligence for the safety of an employè who is an inexperienced adult.''

There were verdict and judgment for the plaintiff, assessing his damages at $5,000. There was a motion made for a new trial, assigning as grounds thereof the several rulings of the court to which exceptions were reserved, and that the verdict was contrary to the law and the evidence. This motion was overruled, and the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOS. G. JONES, for appellant.—The court below plainly erred in that portion of its general charge wherein the court submitted it to the jury to deter-- mine among other things "considering the condition, the development, the mental acumen, testified to in regard to that young man, whether or not the company owed him more, the section foreman owed him more, as to *the rate of speed* that-hand car should run, than it would owe an ordinary adult." The proof was undisputed that the plaintiff was nearly nineteen years of age at the time of the accident; that he was in good health and as strong and as active as any man; that he was able prior to the injury to do good work, and that prior to working on the railroad he had worked on a farm. The plaintiff now sets type. He also testified that he knew it was dangerous to ride on the front of that car. On these undisputed facts the presumption of law was that the plaintiff knew the ordinary risks and dangers of the service, and was as fully accountable for his acts as if he had been an adult.—*De-Graff v. New York Central R. R.*, 76 N. Y. 125; *Gatland v. T. & W. R. R.*, 67 Ill. 498; *Sullivan v. Toledo R. R. Co.*, 58 Ind. 26; *King v. Boston R. R. Co.*, 9 Cushing, 112; *Schlaff v. L. & N. R. R. Co.*, 100 Ala. 389; *O'Keefe v. Thorn*, 16 Atl. Rep. 739; *Cireack v. Merchants' Woolen Co.*, 146 Mass. 182; *Coullard v. Tecumseh*, 151 Mass. 85; *Crowley v. Pacific Mills*, 148 Mass. 228.

BROWN & LEEPER, *contra.*—The court correctly instructed the jury as to the duty and obligation of the master towards a servant who is a minor, and as to the liability of the former for negligence resulting in injury

[Alabama Mineral Railroad Co. v. Marcus.]

to the minor.—Thompson on Negligence, 978; *Rolling Mill Co. v. Corrigan*, 46 Ohio St. 283; 15 Am. St. Rep. 596; *Sioux City R. R. Co. v. Stout*, 17 Wall. 657; *Sullivan v. India Manfg. Co.*, 113 Mass. 396; Cooley on Torts, 652; *Patton v. Western N. C. R. Co.*, 1 S. E. Rep. 863; *Branson v. Labro*, 81 Ky. 638; 50 Am. Rep. 196; *Mobile, &c., R. Co. v. Crenshaw*, 65 Ala. 566; *Evansich v. Railway Co.*, 57 Tex. 126; 44 Amer. Rep. 586.

McCLELLAN, J.—Too much prominence was given by the court below in its charges to the jury to the fact that the plaintiff was a minor at the time he received the injuries of which he complains, in view of the further fact that he was approaching his majority, being about nineteen years old, and was fully matured physically and mentally for one of his age; or, more accurately speaking perhaps, the court unduly obscured these latter facts. A minor upon entering contractually upon a given service assumes the risks thereof as fully as does an adult; and the mere fact of minority does not of and in itself necessarily impose upon the master any other or greater degree of care in respect of the minor than would be upon him had the servant attained full age. It is the immaturity of mental and physical faculties and capacity which is incident to some minors but not all, but not the mere fact of minority, which the master must have special regard for; and where in a given instance of minority this immaturity is wanting, the minor stands upon the plane of adults. On this view, charges 8 and 11 given for plaintiff, and perhaps others so given, and also certain declarations in the charge given *ex mero motu* to the jury, were faulty.

The degree of conviction on the part of the jury necessary to justify a verdict is erroneously stated in several of the instructions given at plaintiff's request. A mere preponderance of evidence upon the one side or the other does not necessarily afford a basis for a verdict. The fact that the jury have "more belief" that one party has sustained his case or defense than they have belief as to the other party, may not authorize a verdict. The jury in civil cases must be *reasonably satisfied* that the facts essential to the cause of action have been established before they can justly render a verdict for the plaintiff; and there might well be a preponderance of

[Drennen & Co. v. Smith.]

evidence in favor of the plaintiff which would yet not be sufficient to *reasonably satisfy* the jury of the truth of the facts involved in his claim, and they might well have "more belief" of the truth of the evidence in support of plaintiff's case than of the truth of that adduced to the contrary and still not attain that degree of satisfaction of its truth that would require a verdict for the plaintiff. . Charges A, 2, 5, and 15 should not have been given.

Charge 7 was bad. There were no data in evidence upon which the jury could have admeasured plaintiff's damages in the manner they were required to assess the damages by this charge. It neither appears that plaintiff's earning capacity was lessened to the extent of one-half or any other aliquot part, nor what his full earning capacity had been.

We are unable to see the pertinency of the fact that the plaintiff "had not run that fast on a hand-car before," or the fact that the other men on the hand-car at the time plaintiff fell therefrom had worked with Holmes "longer on that section than the plaintiff," had to any issue in the case. The testimony in both these connections should have been excluded.

It is unnecessary to consider the action of the circuit court in overruling defendant's motion for a new trial.

Reversed and remanded.