# Alabama Mineral Railroad Company v. Marcus.

*Action for Damages under Employer's Liability Act.*

1. *Bill of exceptions; when signed in vacation; authority to sign; when no part of the record.*—The authority to sign a bill of exceptions is regulated by statute (Code, §§ 716-19), and the same may be signed in vacation when an order to that effect is entered during the term, but if not signed within the time prescribed by such order or a subsequent order of extension made before the expiration of the first order, it constitutes no part of the record, and cannot form the basis of an assignment of error.

2. *Same; same; power to extend time.*—The presiding judge has no authority under the statute (Code, §§ 716-19) in vaca-

[Alabama Mineral R. R. Co. v. Marcus.]

tion to make an order extending the time for a bill of exceptions after the expiration of the time made by a prior order.

3. *Employer's Liability Act; sufficiency of complaint.*—A count in a complaint by a minor employee which avers that plaintiff received the injury while in the discharge of his duties as an employee of defendant by reason of the negligence of the defendant's section boss, who ordered or permitted the car from which the plaintiff fell or was thrown and by which plaintiff was run over, to be run at a dangerous and reckless rate of speed, thereby producing the injuries complained of states a good cause of action.

4. *Same; same; duty to inexperienced minor employee.*—A count in a complaint by a minor employee which avers that his employment was of a dangerous nature; that he was young and inexperienced and mentally and physically immature; that these facts were well known to defendant's foreman who had control of the work in which plaintiff was employed and of the car upon which plaintiff was riding in the discharge of his duties at the time of the injury complained of, and that defendant negligently failed by itself, its said foreman or any one else to give plaintiff any warning of the danger of his employment or to instruct him as to the safest method of discharging his duties, states a good cause of action, when it is further averred that such negligence resulted in the injury of the plaintiff.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. GEORGE E. BREWER.

This action was instituted by appellee against appellant to recover damages for injuries received by the plaintiff while in the employ of the defendant. The third and fifth counts of the complaint averred that defendant was engaged in operating a railroad; that it employed a section foreman and hands to keep it in repair; that plaintiff was employed as a section hand of defendant; that defendant used a hand or lever car in connection with the repairs of its road, which was under the control and superintendence of a section foreman under whom plaintiff worked and whose orders he had to obey; that on September 9th, 1892, while so employed in the regular course of his employment plaintiff was ordered by said foreman to occupy a danger-

ous place on such car against the protest of the plaintiff, who was young and inexperienced, which facts were known to said foreman; that plaintiff obeyed the orders of said foreman and said car was permitted and ordered by said foreman to be run at a great, dangerous and reckless rate of speed, whereby plaintiff fell from said car and received the injuries for which he sues. The seventh count, after averring plaintiff's employment and the character of his work, alleged that he was a minor under nineteen years of age, was physically and mentally immature and was inexperenced in the work whereby he was injured, facts which it was averred were well known to the foreman whose orders plaintiff had to obey, charged the defendant with negligence in putting plaintiff in a dangerous position without any warning or instructing him as to the safest method to pursue in the discharge of his duty, and that this negligence resulted in plaintiff's injury. The eighth, ninth and tenth counts averred the same facts as to plaintiff's employment and duties, his age, want of experience and physical and mental immaturity; that he was placed in a dangerous position and injured by reason of the dangerous and reckless running of the car under the control of said foreman. There were demurrers to each of these counts, but they were overruled by the court. There were verdict and judgment for plaintiff. During the term at which the trial was had an order was entered allowing defendant sixty days for a bill of exceptions. Before the expiration of this order another was made extending the time to January 1st, 1898. The bill of exceptions was signed January 28th, 1898, and contained a statement that it was signed and allowed in accordance with an order entered during term time and the order made by the presiding judge in vacation after said term. It was further shown that a correct bill of exceptions was presented to the presiding judge before the expiration of the time allowed and the judge sent the same to opposing counsel, but stated that if not returned in time he would make an order for further extension, but such order did not appear in the record.

THOMAS G. JONES & CHAS. P. JONES and ALEX C. BIRCH, for appellant.

BROWNE & LEEPER, *contra.*

DOWDELL, J.—The authority to sign bills of exceptions is regulated and governed by the statute.—Code 1896, §§ 616, 617, 618 and 619. Where an order is made in term time fixing a time in vacation for signing a bill of exceptions, such time may be extended by order or orders of the presiding judge in writing, provided the time allowed must not be extended beyond six months from the adjournment of the court. Subsequent orders of extension must be made within the time fixed in the next preceding order.—*Morris v. Brannen*, 103 Ala. 602; *Beal v. State*, 99 Ala. 234; *Rosson v. State*, 92 Ala. 76; *Ladd v. State*, 92 Ala. 58; *Bass Furnace Co. v. Glasscock*, 86 Ala. 244. Unless the bill of exceptions is signed in conformity with the requirements of the statute, it forms no part of the record, and cannot be looked to by the court for any purpose. See authorities cited *supra.*

In the present case an order was made in term time for the signing of the bill in vacation. The bill of exceptions was signed by the presiding judge on the 28th day of January, 1858. On the 24th day of November, 1897, and within the time fixed by the preceding order, the presiding judge further extended the time by an order in writing to January 1st, 1898. After the expiration of this period, and on the 14th day of January, 1898, the judge made another order in writing extending the time to and including the 1st day of February, 1898. It was within the period fixed by this last order, on to-wit, January 28th, that the bill was signed. This last order of extension having been made, not within the time allowed by the next preceding order but after the expiration of that time, was without authority under the statute, and consequently conferred no right on the judge to sign the bill of exceptions within the time fixed by said last order. The presiding judge has no more power or authority in va-

cation to make an order extending the time after the expiration of the time allowed in the next preceding order than he would have to sign a bill after the expiration of the time fixed by such order. The present bill of exceptions having been signed in vacation, and without an order in conformity with the statute, cannot be considered, and the assignments of error based on the bill must likewise be disregarded.

The only matters complained of as error presented by the record proper outside of the bill of exceptions are the rulings of the court in overruling defendant's demurrers to the third, fifth, seventh, eighth, ninth and tenth counts of the complaint. Each one of these counts aver that the plaintiff was an employé of the defendant, and that he received the injury of which he now complains while in the discharge of his duty under said employment. In the third and fifth counts it is charged and averred that the injury resulted from the negligence of defendant's section foreman or boss—one Holmes—who had the superintendence and control of the hand or lever car, from which plaintiff fell or was thrown, and by which he was run over, that said car was being negligently run by the order or permission of said Holmes, who was at the time on said car, at a great, dangerous and reckless rate of speed, and that the injury to the plaintiff was the result of said acts of negligence on the part of said Holmes. These averments set forth a substantial cause of action under the statute known as the employer's liability act.—Code, 1896, § 1749.

The 7th, 8th, 9th and 10th counts have been added to the complaint since the cause was here on a former appeal (*Ala. Min. R. R. Co. v. Marcus,* 115 Ala. 389), and manifestly for the purpose of meeting what was then said by this court upon the question of the plaintiff's minority. Each of these counts avers the plaintiff's minority at the time of the employment and of the injury sustained, and that he was immature and undeveloped mentally and physically, and was without any experience in working on a railroad, or in running or propelling a hand-car, and that these facts were

well known to said Holmes, the section foreman or boss, who had the superintendence and control of the work in which plaintiff was employed, and of the running of the hand or lever car on which plaintiff was riding at the time of his injury, and while in the regular performance of his, plaintiff's, service under said employment. It is, also, averred in the 7th count, that the work in which plaintiff was engaged under said employment was a dangerous one, and one in which he had no experience, and that the defendant negligently failed during the time of said employment, or at any time, by itself, its said foreman or any one, to give plaintiff any warning as to the dangers attendant upon the operating said hand car, or explanation or instruction as to the safest way of riding upon and propelling the same. That on September 9th, 1892, while plaintiff was engaged in the regular course of his employment, riding upon and assisting to propel one of said cars, by reason of defendant's said negligence, plaintiff fell from said car in front of and was run over by said hand car, thereby being injured, etc. Under these averments of the plaintiff's minority, inexperience, physical and mental immaturity, all of which being known to defendant's superintendent or section foreman, it was clearly the duty of the defendant to have warned the plaintiff of the perils of the employment, and to have instructed him as to the safest mode of riding upon and propelling said car, while in the performance of his duties, and the negligent failure to do so resulting in injury to the plaintiff, furnished a just cause of action. The acts constituting the negligence as averred in the 8th, 9th and 10th counts on account of which it is alleged the injury to the plaintiff resulted are sufficient as to certainty and definiteness. We think the court committed no error in overruling the demurrers.

We find no error in the record, and the judgment of the circuit court must be affirmed.

Affirmed.