# Larkinsville Mining Co. *v.* Flippo.

## *Action of Assumpsit.*

1. *Bill of exceptions; not considered on appeal when not signed within the time prescribed by order of court.*—While under the provisions of the statute, a bill of exceptions may be signed in vacation, when the order to that effect is entered by the court during the term at which the case was tried, (Code, §§ 716-719), yet, if the bill of exceptions is not signed within the time prescribed by such order, or a subsequent order of extension made before the expiration of the time fixed by the first order, such bill of exceptions constitutes no part of the record and can not form the basis of assignments of error.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. J. A. BILBRO.

This was an action of detinue brought by the appellee, J. N. Flippo, against the Larkinsville Mining Company, to recover an amount alleged to be due as the purchase price of land sold by the plaintiff to the defendant.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

The only rulings of the trial court which are insisted upon on the present appeal are those which were made during the trial of the case and such as should be shown by a bill of exceptions. Under the opinion on the present appeal it is unnecessary to set out in detail the facts of the case.

J. J. SULLIVAN and TALLY & HACKWORTH, for appellant.

J. E. BROWN, contra.

DOWDELL, J.—What purports to be a bill of exceptions in the transcript was signed by the judge in vacation and after the expiration of the time fixed by the court in term time. The order of the court fixed sixty days from the adjournment of the court, within which to sign the bill. The court adjourned on September 21st, and the bill was signed on November 29th following, which was more than sixty days. Therefore, that which purports to be a bill of exceptions in the transcript cannot be looked to or considered for any purpose. See *Ala. Mineral R. Co. v. Marcus*, 128 Ala. 355; *Dantzler v. Swift Creek Mill Co.*, 128 Ala. 410, and cases there cited. The assignments of error based on rulings required to be presented by proper bill of exceptions, in the absence of such bill of exceptions, are without foundation and will not be considered. The errors assigned on the record proper in this case, are not insisted on in argument.

Let the judgment of the court be affirmed.