# Mayor and Aldermen of the City of Florence *v.* Irvine.

*Action against Municipality to recover· Damages to Property.*

1. *Bill of exceptions; when signed in vacation; authority to sign; when no part of record.*—The authority to sign a bill of exceptions is regulated by statute (Code, §§ 716-719), and the same may be signed in vacation, when an order to that effect is entered during the term, but if not signed within the time prescribed by such order or a subsequent order of extension made before the expiration of the preceding order, it constitutes no part of the record, and can not form the basis of an assignment of error.

APPEAL from the Circuit Court of Lauderdale.
Tried before the Hon. A. H. CARMICHAEL, Special Judge.

This action was brought by the appellée, Virginia F. Irvine, against the Mayor and Aldermen of the city of Florence, to recover damages for alleged injury to plaintiff's property caused by cutting down and grading a street and side walk upon which the plaintiff's property abutted. From a judgment in favor of the plaintiff the defendant appeals. Under the opinion of the present appeal, it is unnecessary to set out the facts of the case at length.

·· EMMET O'NEAL and JOHN T. ASHCRAFT, for appellant.

A. E. WALKER, *contra.*

DOWDELL, J.—What purports to be a bill of exceptions in the transcript was signed in vacation on the 31st day of January, 1901, by the judge who pre-

sided at the trial. It appears that an agreement in writing was entered into in term time by counsel for the signing of the bill within sixty days after the adjournment of the court. It further appears that before the expiration of this time there was a second written agreement extending the time thirty days from the expiration of the first period; after the expiration of this second period, on the 26th day of January, 1901, there was a third agreement to extend, and within the time fixed by this last agreement the bill was signed. About thirty days elapsed between the day of expiration fixed in the second agreement of extension and the making of the third agreement. This was not a compliance with the provisions of the statute, sections 618 and 619, as construed by this court. See *Ala. Min. R. R. Co. v. Marcus*, 128 Ala. 355. The third agreement of extension not having been made within the time of the next preceding agreement, the authority to sign was lost. That which purports to be a bill of exceptions cannot therefore, be considered for any purpose. The assignments of error insisted on, are such as can only be presented by a bill of exceptions. It follows that the judgment must be affirmed.

Affirmed.