# Hall v. Cardwell.

## Deceit.

(Decided May 14, 1912.   59 South. 514.)

1. *Fraud; False Representation; Knowledge.*—Where the action was in fraud for the sale of a mule and the complaint alleged a false representation as to the mule's soundness and sight, upon which plaintiff relied it need not aver the defendant's knowledge of the falsity of such representation.

2. *Same; Weight of Evidence.*—Where the plaintiff's evidence as to his version of the contract was more reasonable than defendant's version, and reasonably satisfies the jury of its truth, the plaintiff is entitled to recover in an action for false representation.

3. *Trial; Exclusion of Evidence.*—Where the plaintiff testified that the amount secured by mortgage included the price of the mule for which he claimed the seller had made a false representation, and afterwards described the mule in controversy, it was not error to admit the mortgage in evidence over the objection that it did not describe the mule in controversy.

4. *Same; Objections Below.*—The admission of evidence over objections general in its nature, of the fact that a witness for defendant had been a witness for him in another trial, was not prejudicial to the defendant, as the testimony was not plainly inadmissible for any purpose.

5. *Appeal and Error; Record; Ruling on Pleading.*—Where the record does not set forth the pleadings, the action of the court on demurrer thereto cannot be reviewed.

6. *Same; Answer Not Shown.*—Where the record does not contain the answer of a witness to a question objected to, it cannot be said that the overruling of such objection is prejudicial.

7. *Same; Harmless Error; Favorable to Complaining Party.*—Where the answer of a witness is favorable to the party objecting, it cannot be made the grounds of complaint.

8. *Evidence; Relevancy; Other Transactions.*—Where the action was for false representations in the sale of a mule, evidence as to what the seller gave the plaintiff for two mules taken in a settlement between them, was properly excluded where neither of the mules so taken was the one as to which the alleged misrepresentation was made.

9. *Charge of Court; Singling Out Evidence.*—In an action for false representation in the sale of a mule, a charge asserting that if the jury found that the defendant told plaintiff in the presence of his agents that he would not guarantee the mule's eyes, then the agent had no authority thereafter to warrant the mule's eyes, singled out a part of the evidence, and was properly refused for that reason.

31 CA

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. M. Cardwell against W. P. Hall. Judgment for plaintiff, and defendant appeals. Affirmed.

The second count of the complaint is as follows: "Plaintiff claims of defendant the sum of $175 as damages, for that heretofore, to-wit, on or about the —— day of December, 1909, plaintiff purchased from the defendant a mule, and during the negotiation, sale, and purchase of said mule defendant represented that the mule was sound and all right, while the mule in fact was not sound, but its eyes were very defective, and at times almost, if not entirely, blind; that plaintiff did not know of the unsound condition of the mule's eyes, but relied upon the statements and representations made by the defendant as to the soundness of the animal's eyes, and was thereby induced to enter into said contract of purchase of said mule, to his great damage as aforesaid."

The demurrers to the count were that it failed to aver that the defendant knew that said mule was not sound and all right, or that, by the exercise of ordinary prudence, plaintiff could not have ascertained that the said mule's eyes were very defective, and because it does not aver that the eyes of the mule were in such condition, at the time of the purchase, that plaintiff, by ordinary care and prudence, could not have ascertained that they were not entirely defective, if not entirely blind.

The following charges were given for plaintiff:

"It is not the law that plaintiff, in order to entitle him to recover, must satisfy the jury reasonably by a preponderance of the evidence."

(2) "If plaintiff and his witness testify to one version of the transaction alleged in the complaint, and if defendant and his witnesses testified to another, then if that given by plaintiff and his witnesses is the more rea-

[Hall v. Cardwell.]

sonable one, and reasonably satisfies the jury of its truth, then you must find for the plaintiff."

(3) "In order to entitle plaintiff to recover, the plaintiff is required to do no more than satisfy the jury reasonably by the evidence that he is entitled to recover."

The following charge was refused the defendant: "If the jury reasonably find from the evidence that Dr. Hall told the plaintiff that he would not guarantee the eyes of the mule, and this was in the presence of Coe, his agent, then Coe did not have any authority after that to warrant the eyes of the mule."

McCord & Orr, for appellant. No phase of deceit was set up in count 2, and the demurrers should have been sustained.—Section 2469, Code 1907; *Scott v. Holland,* 132 Ala. 389; *East v. Worthington,* 88 Ala. 537. Counsel discuss objections to evidence as a whole, and in support of their contention that the court erred therein, they cite the following.—*Blakey v. Blakey,* 33 Ala. 619; *Burden v. Bailey,* 70 Ala. 63; *L. & N. v. Quinn,* 146 Ala. 330; *Kelly v. L. & N.,* 148 Ala. 145. Counsel discuss assignments of error relative to charges, but without citation of authority.

Street & Isbell, for appellee. Counsel discuss the rulings on pleadings and the evidence, but without citation of authority. They insist that the oral instructions of the court was without error, and that the court properly gave charges 1 and 3.—*Eagle I. Co. v. Baugh,* 147 Ala. 613.

WALKER, P. J.—The second count of the complaint was not subject to demurrer on the grounds assigned. It averred an actionable misrepresentation of a material fact upon which the plaintiff relied in making the

purchase mentioned. It was not necessary to allege that the vendor, the defendant, knew of the falsity of such representation.—*Perry v. Johnston et al.,* 59 Ala. 648; *Atwood's Adm'r v. Wright,* 29 Ala. 346; *Smith v. Sweeney,* 69 Ala. 524. As the third count of the complaint is not set out in the record, the action of the court on the demurrer to it cannot be reviewed.

In the course of the examination of the plaintiff as a witness in his own behalf, he introduced in evidence, without objection, a mortgage given by him to the defendant, testifying that the amount secured thereby included the price of the mule, in the sale of which he claimed that the defendant made the misrepresentation complained of. After the mortgage had been introduced in evidence, the plaintiff described the mule in controversy. Thereupon the defendant moved the court to exclude said mortgage as evidence, because it did not describe the mule in controversy. When the mortgage was introduced, it was not claimed or stated that it described that mule. The court cannot be charged with error in overruling the motion to exclude, made on the ground just stated. If that evidence was subject to any legal objection, the ground stated in the motion did not disclose it. It was not the fact that the mortgage did not describe the mule that rendered it inadmissible as evidence, if it was inadmissible if duly and seasonably objected to.

It appears from the record that the defendant could not have been prejudiced by the action of the court in overruling his objections to two questions asked his witness Moore on cross-examination. No answer was made by the witness to one of the questions, and his answer to the other one was favorable to the defendant.

On the cross-examination of the defendant's witness Heaton, the plaintiff, over general objections made by

the defendant, was permitted to bring out the fact that this witness and another witness for the defendant had been witnesses for him in another case.  It is not perceived how it is possible for the defendant to have been prejudiced by proof of this isolated fact.  Besides, the questions seeking to elicit this fact might well have been regarded by the court as merely preliminary to an inquiry as to some statement then made by the witness, supposed to have some bearing upon his testimony in the pending case.  And those questions were followed by others, asking the witness as to former statements deposed to by him; but the record does not show that any answer was made to either of these later questions.  A trial court will not be put in error for overruling a general objection to a question, not specifying any grounds, unless the testimony which it may elicit is plainly inadmissible for any purpose.—*Sanders v. Davis,* 153 Ala. 375, 44 South. 979.

The court was not in error in excluding evidence as to what the defendant gave the plaintiff for two mules taken in a settlement made between them.  Neither of these mules was the one in the sale of which the plaintiff claimed that the misrepresentation complained of was made.  The excluded evidence had no bearing upon the issues in this case.

The counsel for the defendant, in his argument to the jury, contended that the burden was on the plaintiff to show by a preponderance of the testimony that he is entitled to recover.  The charges given by the court on this subject correctly stated the rule as to the burden of proof, omitting the requirement that the jury's belief of the existence of the requisite facts be supported "by a preponderance of the evidence."—*Arndt v. City of Cullman,* 132 Ala. 540, 31 South. 478, 90 Am. St. Rep.

922; *Callaway & Truitt v. Gay,* 143 Ala. 524, 39 South. 277.

The court was justified in refusing to give the written charge requested by the defendant, because of its singling out part of the evidence in the case for the consideration of the jury, conceding that it was free from objection on other grounds.

Affirmed.