# Birmingham Railway, Light & Power Company *v.* Adkins.

## *Injury to Passenger.*

(Decided February 4, 1913. Rehearing denied June 19, 1913.
62 South. 367.)

1. *Damages; Instruction.*—A charge that if on the occasion complained of plaintiff was not injured, and did not suffer the injuries and damages she alleges in her complaint, she could not recover, was properly refused as precluding plaintiff from recovery unless she sustained all the damages alleged; and was also bad as requiring an examination of the pleading by the jury.

2. *Charge of Court; Undue Prominence to Evidence.*—A charge asserting that the statement admitted as to what an absent witness would testify, was entitled to the same consideration as if the witness had been present and testified to such statement, was not only argumentative, but gave undue prominence to parts of the evidence.

3. *Same; Covered by Those Given.*—Where the grounds upon which a refused charge is predicated was stated as favorably to defendant, as it was entitled to have them stated, in another instruction given, defendant could not complain of the refusal to so instruct in another instance.

4. *Appeal and Error; Harmless Error; Instructions.*—It is not error to refuse an instruction that if after a fair and full consideration of all the evidence in the case, the minds of the jury are in a state of confusion as to whether plaintiff ought to recover or not, then you cannot return a verdict for plaintiff.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Mrs. Nettie E. Adkins against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint alleged that, while plaintiff was a passenger on one of defendant's cars at a time and place mentioned therein, said car became derailed, and plaintiff was thrown, projected, or caused to fall upon or against some hard substance, causing her bodily injuries, physical pain, mental suffering, etc. The second

[Birmingham Railway, Light & Power Company v. Adkins.]

count was for wanton injury under the same state of facts. The pleas other than the general issue, if any were filed, do not appear in the record.

The following charges were refused to the defendant: (3) "If you believe from the evidence that, on the occasion plaintiff complains of, plaintiff was not injured and did not suffer the injuries and damages she alleges in her complaint, then you should return a verdict for the defendant." (5) The statement admitted in evidence as to what Mrs. Burbank would testify, if present, is entitled to the same consideration by the jury as if Mrs. Burbank had testified to such statement on the witness stand, in the presence of the jury." (7) ."Unless the jury believe from the evidence that, on the occasion plaintiff complains of, defendant's motorman failed to exercise the proper care and diligence under the circumstances in failing to discover the presence of any piece of iron or obstruction which may have been on the track, then you will return a verdict for the defendant." (8) "The court charges the jury that if, after a full and fair consideration of all the evidence in the case, your minds are in a state of confusion as to whether the plaintiff ought to recover in this action or not, then you cannot return a verdict for plaintiff."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. Charge 5 should have been given.—*Williams v. Anniston E. & G. Co.,* 164 Ala. 87; *B. R. L. & P. v. Seaborn,* 168 Ala. 664; *Snyder's Case,* 145 Ala. 33. Counsel discuss other charges refused, but without further citation of authority.

HARSH, BEDDOW & FITTS, for appellee. Charge 3 was covered by charge 1, and hence there was no error in refusing charge 3.—*Lunsford v. State,* 56 South. 91; *B.*

*R. L. & P. v. Murphy,* 56 South. 817. Charges 5 and 7 were properly refused.—*Montgomery St. Ry. v. Mason,* 133 Ala. 527; *Martin v. State,* 56 South. 65. There was no error in refusing charge 8.—*B. R. L. & P. v. Saxon,* 59 South.

WALKER, P. J.—Written charge 3 requested by the defendant was properly refused. Under it the plaintiff could not have had a verdict for anything unless the jury found that she sustained all the damages she claimed, though the evidence showed that she was injured as alleged and thereby sustained some damage. Besides, the charge was objectionable as requiring an examination by the jury of a pleading in the case.—*Alabama Great So. R. Co. v. McWhorter,* 156 Ala. 269, 47 South. 84.

The court was not required to give charge 5 requested by the defendant, as it singled out part of the evidence in the case for the consideration of the jury, thus giving it undue prominence.—*Hall v. Cardwell,* 5 Ala. App. 481, 59 South. 514.

The appellant could not have been prejudiced by the court's refusal to give charge 7 requested by it, as the predicate for a verdict in its favor because of the absence of negligence on the part of any employee in the respect mentioned in that charge was, in charge 8 given at the defendant's request, stated as a predicate for such a verdict as favorably to the defendant as it was entitled to have it stated.

The refusal to give written charge 8 requested by the defendant is not a ground of reversal.—*Alabama Great Southern R. Co. v. Robinson* (Sup.) 62 South. 813.

The foregoing disposes of the rulings which have been assigned as errors.

Affirmed.