(77 South. 328)

AQUILINO v. BIRMINGHAM RY., LIGHT & POWER CO. (6 Div. 643.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Denied Dec. 24, 1917.)

1. APPEAL AND ERROR ⊕⇒1067 — HARMLESS ERROR—INSTRUCTIONS.

Failure to instruct that plaintiff's contributory negligence was not a defense to defendant's wanton negligence is harmless error, where the evidence would not sustain a verdict for wanton negligence.

2. TRIAL ⊕⇒256(2), 296(1)—INSTRUCTIONS — REQUESTS.

Possibly misleading instructions do not constitute reversible error where cured by other instructions, or which could have been cured by request therefor.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by M. Aquilino against the Birmingham Railway, Light & Power Company. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 449. Affirmed.

C. C. Nesmith, of Birmingham, for appellant. Tillman, Bradley & Morrow, of Birmingham, for appellee.

MAYFIELD, J. The action is to recover damages for injuries to a motor truck owned by appellant, which collided with a street car of appellee. The truck and the street car were traveling in opposite directions when the collision occurred; each car and the operator thereof being in open view of the operator of the other.

The complaint contained two counts, one declaring on simple negligence on the part of the motorman of the street car, and the other as for wanton or willful conduct on his part in causing the collision. The general issue was pleaded as to each count and contributory negligence as to the simple negligence count.

The trial resulted in verdict and judgment for the defendant, and from such judgment the plaintiff appeals.

[1] The main insistences as to error are based upon the theory that the trial court ignored the count declaring on wantonness, and thus failed to limit instructions and rulings as to contributory negligence and the duty that the operators of the two cars owed to each other to the count which declared on simple negligence. Some of these rulings complained of would be error to reverse, if the evidence had authorized a recovery under the count declaring on wantonness; but we find no evidence in this case which would authorize the jury to find for the plaintiff under this count. The trial court should have directed a verdict for the defendant as to this count; hence no possible injury resulted from the rulings which ignored this count.

[2] There was no error in any part of the oral charge to which exceptions were reserved. The most that could be said as to these parts of the oral charge is that some of them, or parts thereof, were possibly susceptible of misleading tendencies; but such possible tendencies were cured by other parts of the charge or by requested instructions, or, if not, they could and should have been cured by counter requested charges on the part of the plaintiff.

Neither of the charges given at the request of the defendant could be said to be erroneous, except that they were not limited in their scope to the count which declared on simple negligence, but were applicable to both counts. As before stated, no injury could result or did result from this, because no recovery could or should have been had under this count. The court could well have given the affirmative instruction as to this count.

Some of the charges given could have been refused for possible misleading tendencies; but, having been given, we are not willing to put the court in error for giving them.

We find no error, and no other question meriting discussion, though the entire record has been carefully examined, and each question discussed by counsel fully considered.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.