(92 South. 414)

## McCAA v. THOMAS. (6 Div. 560.)

(Supreme Court of Alabama. Feb. 2, 1922.)

1. **Appeal and error** ⚖⟲1078(1)—Assignments not argued will not be considered.

Assignments of error, not insisted upon in argument, will not be considered.

2. **Highways** ⚖⟲166—Highway act strictly construed, in so far as penal or in derogation of the common law.

Such of the provisions of Acts 1911, p. 634, regulating the use of highways, as are penal or in derogation of the common law, are to be strictly construed.

3. **Highways** ⚖⟲166—Statute requiring warning by automobiles at "intersection" not limited to roads intersecting at right angles.

The provisions of Acts 1911, p. 634, §§ 18 and 19, requiring a motor vehicle approaching an "intersection" where the view is obstructed to give warning, applies to any intersection of highways outside the limits of a city or incorporated village, where the driver on one highway was prevented from seeing a vehicle approaching the same intersection on the other highway, and is not to be construed to apply only to two roads that approach and intersect at right angles.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intersect—Intersection.]

4. **Trial** ⚖⟲256(10)—Charge motorcyclist must be able to stop, approaching intersection, within reasonable distance, held not erroneous, in absence of request.

A charge that a motorcyclist, approaching a road intersection, must have his vehicle under such control that he can stop within a reasonable distance, is not so erroneous that it could not be corrected by an explanatory charge, because it impliedly requires an ability to stop the machine within a reasonable distance, notwithstanding latent defects in its mechanism.

5. **Highways** ⚖⟲172(1)—Test of care of driver of motor vehicle is whether reasonably prudent man would have so acted.

The test of the care of the driver of a motor vehicle is whether the acts or omissions of the driver at the time and place of, or immediately preceding, the accident, were those which would have been done or omitted by an ordinarily prudent man under the same circumstances.

6. **Highways** ⚖⟲184(3)—Due care of motorcyclist is for the court only if all men would draw the same conclusion.

Whether a motorcyclist was exercising due care under the circumstances is a question for the decision of the court only when the facts are such that all reasonable men must draw the same conclusion from them; otherwise, it is a question for the jury.

7. **Trial** ⚖⟲296(13)—Charges which necessarily mislead jury cannot be cured.

Charges which necessarily mislead the jury, as distinguished from those which have a

tendency to mislead, are erroneous, and are not to be cured by an explanatory charge.

**8. Appeal and error ⊙⟹1064(1)—Charge requiring belief from the evidence is not prejudicially erroneous.**

A charge requiring the jury to believe from the evidence the facts therein stated to entitle plaintiff to recover, instead of requiring them to be reasonably satisfied from the evidence, is not prejudicially erroneous.

**9. Negligence ⊙⟹82—Charge on contributory negligence as cause of injury held incorrect.**

Charges that plaintiff cannot recover for personal injuries, if his negligence contributed in the slightest degree to the accident, are erroneous; the test being whether his negligence contributed proximately to his injury.

**10. Appeal and error ⊙⟹1064(1)—Erroneous charges on contributory negligence held prejudicial to plaintiff.**

In an action for injuries resulting from a collision between a motorcycle and an automobile, charges denying recovery by plaintiff, if he failed to exercise reasonable care which in the slightest degree contributed to his injuries, was prejudicial, and requires reversal.

**11. Trial ⊙⟹237(6)—Charge requiring plaintiff to reasonably satisfy jury by preponderance of the evidence held not erroneous.**

A charge imposing on plaintiff the burden of proof reasonably to satisfy the jury of his right to recover by a preponderance of the evidence was reasonably equivalent to a charge that proof to the reasonable satisfaction of the jury was all that was required, which is the rule of law.

**12. Trial ⊙⟹296(8)—Misleading charge held cured by oral charge.**

If a charge requiring plaintiff to reasonably satisfy the jury of his right to recover by a preponderance of the evidence, instead of requiring proof to the reasonable satisfaction of the jury, was misleading, it could have been corrected by explanatory charges, and was cured by the oral charge.

**13. Trial ⊙⟹192 — Charges assuming facts shown by testimony of adverse party are not erroneous.**

Charges assuming as a fact that plaintiff violated the law in not giving the signal required when he approached a highway intersection do not require reversal, where the failure to give such notice was shown by his own testimony at the trial.

**14. Highways ⊙⟹184(2)—Evidence held not to show defendant had last clear chance.**

Evidence only that defendant saw plaintiff on his motorcycle approaching the intersection of the roads at a high rate of speed, while defendant was a short distance away from the point of collision, and that after the collision he did stop his car within a short distance, does not imply that he did not do his duty immediately on perceiving plaintiff's approach, and therefore does not authorize recovery for defendant's subsequent negligence.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action by John H. McCaa against John H. Thomas for damages for personal injuries sustained in an automobile accident. Judgment for defendant, and plaintiff appealed. Reversed and remanded.

The collision was between a new Studebaker car, being driven by Thomas, and a motorcycle, being driven by McCaa. The testimony was in conflict as to whether the right-hand hub and fender of the car, or the left-hand, was dented and bent; the preponderance going to show that the right-hand was dented and bent. There was also dispute in the evidence as to whether signals were given by either party as the two vehicles approached the intersection of a road where the accident occurred; the testimony for the defendant tending to show that the car was being driven at not over 20 miles an hour, that signals were blown and brakes applied, and that notwithstanding all this the plaintiff, riding rapidly, ran into defendant's automobile with such force as to throw him over the hood of the automobile and onto the road beyond, his motorcycle bouncing back to the other side of the road. Evidence for the plaintiff tended to show that the plaintiff had entered the intersection of the road, had cleared the center of the road on the right, had turned, meeting the automobile, when the automobile, running at a rapid rate, swerved sharply to the left, inflicting the injuries complained of.

The following charges are noted as having been given for the defendant:

(13) The court charges the jury that as a matter of law it is unlawful and a violation of the law for a person, riding a motorcycle upon a public highway, to approach the intersection of said highway with another highway, without giving some signal of his approach, by blowing his horn or otherwise.

(11) The court charges the jury that under the law it was the duty of the plaintiff, on approaching the intersection of the road where the accident or injury is said to have occurred, to have had his motor vehicle under such control as that he could have stopped the same within a reasonable distance.

(18) The law imposes upon the plaintiff in this case the burden of proof; that is to say, before the plaintiff can recover, he must reasonably satisfy the jury, by a preponderance of the evidence, that he is entitled to recover under one or more of the counts of the complaint submitted to you, and, if he has failed to do so, your verdict should be in favor of the defendant.

(10) The court charges the jury that, if they believe from the evidence that the plaintiff's negligence or failure to exercise reasonable care in the slightest degree contributed to his injuries, he cannot recover in this case, unless you further believe from the evidence, that the defendant, at the time of the accident, was

driving his car, or operating his car, in a wanton and reckless manner, or intentionally injured the plaintiff.

(9) The court charges the jury that, if they believe from the evidence that the injuries received by the defendant were proximately caused by his own negligence or want of care, he cannot recover under the first count of the complaint.

(15) If you believe from the evidence that the plaintiff was riding a motorcycle upon a public highway, and approaching the intersection of said highway with the highway upon which the defendant was operating his automobile at a high and dangerous rate of speed, so that the plaintiff could not control his said motorcycle, and that this conduct on the part of the plaintiff contributed even in the slightest degree to the accident, he cannot recover in this case under the first count of the complaint.

(7) I charge you that, if you believe from the evidence that the negligence of the plaintiff, as alleged in any of the pleas of contributory negligence, proximately contributed to his injuries, the plaintiff cannot recover under the first count of the complaint.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

Acts 1911, p. 641, §§ 18 and 19, are penal, and in derogation of the common law, and therefore must be strictly construed. 25 R. C. L. 1056; 120 Ala. 79, 23 South. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17. A charge that one must have his vehicle under such control as to be able to stop within a reasonable distance, without regard to the surrounding circumstances, invades the province of the jury. 202 Ala. 87, 79 South. 479. The burden of proof extends only to the reasonable satisfaction of the jury from the evidence. 132 Ala. 552, 31 South. 478, 90 Am. St. Rep. 922; 115 Ala. 395, 22 South. 135; 190 Ala. 69, 66 South. 805; 71 South. 31. A charge which necessarily misleads is affirmatively erroneous, and not cured by simply asking an explanatory charge. 16 Ala. 53, 50 Am. Dec. 162. The court must not assume as proven facts or issues about which there is a conflict in the evidence. 196 Ala. 236, 72 South. 48; 158 Ala. 369, 48 South. 109; 10 Ala. App. 351, 65 South. 425; 124 Ala. 581, 27 South. 416. The expression "contributed in the slightest degree" is not equivalent to "proximately contributed." 159 Ala. 247, 49 South. 252; 76 Ala. 338; 121 Ala. 125, 25 South. 847; 203 Ala. 136, 82 South. 166. A charge which ignores the issue of subsequent negligence is bad. 204 Ala. 227, 85 South. 511; 201 Ala. 489, 78 South. 395; 174 Ala. 656, 56 South. 989; 125 Ala. 199, 27 South. 1006.

Pennington & Pou, of Jasper, for appellee.

There was no evidence on which to submit the wanton count. 94 Ala. 581, 10 South. 215; 194 Ala. 152, 69 South. 518. Charge 13 was correct. Acts 1919, p. 641; 159 Ala. 289, 48 South. 853; 196 Ala. 670, 72 South. 305. Charge 11 was properly given. 45 Ind. App. 36, 90 N. E. 87. 4 Words and Phrases 145. There was no error in giving charges 18 and 10. 115 Ala. 395, 22 South. 135; 61 Fla. 167, 55 South. 83.

THOMAS, J. The suit, for personal injury caused by a collision between defendant's automobile and plaintiff's motorcycle, resulted in a judgment for defendant. The complaint consisted of counts of simple negligence and for wantonness; the pleas were the general issue and contributory negligence.

[1] Assignments of error, not duly insisted upon in argument, will not be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

[2] General rules of the road have been long recognized, and additional or auxiliary provisions, deemed necessary by the Legislature, have been added to meet the increasing and complicated volume of traffic by the old and new methods of transportation thereon. Morrison v. Clark, 196 Ala. 670, 72 South. 305.

[3] Such of the provisions of the act of 1911 (page 634) that are penal or in derogation of the common law must be strictly construed. 25 R. C. L. p. 1056, § 281. Whether the provisions of sections 18 and 19 of that act are liberally or strictly construed, they have application immediately preceding and at the point of the collision—to the locus in quo of the injury, outside the limits of a city or an incorporated village, and at a point where, from the direction in which plaintiff approached the intersection of two roads, the operator of the motorcycle (according to his own evidence) was prevented by obstructions from seeing the defendant approaching the same point driving west along another and different road from that on which plaintiff was driving. The provisions of sections 18 and 19 of the act will not be construed to apply only to two roads that approach and intersect at right angles. There was no error in giving, at defendant's request in writing, charge numbered 13.

[4] Charge numbered 11 is challenged by assignment of error and argument. Plaintiff, immediately approaching the point of collision, was required to use reasonable care and to have his motorcycle under such control as to be able to stop it promptly by the use of due diligence and appliances. Whether or not plaintiff proved that he complied with the requirements of the law, and discharged his duty under the circumstances of his approach to the point of collision, was a question for the jury. The use of the words "reasonable distance" in charge 11, as descriptive of plaintiff's duty in the premises, under the surrounding circumstances, as to his mode, method, or control of the motor vehicle being driven to the point of

collision, did not render the charge unsusceptible of further explanation, if such was deemed necessary by counsel. Conceding that the proper test of the correctness of the charge was whether plaintiff used reasonable care in having his motorcycle under control and equipped with proper appliances when he approached the point of collision, under the circumstances indicated by the evidence, and not whether he had it under such control as that, without regard to latent defects in the mechanism of the machine, or in its device for slowing and coming to a stop, he could have stopped it within a reasonable distance, did not render the charge noxious, and so that it could not be explained by the court in the general or special charges.

[5, 6] The duty of a driver of a motor vehicle, discussed in White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 South. 479, is declared to be tested by the fact of whether or not the driver, at the time and place of, or immediately preceding, the accident, was so observing his duty to others, and acting with due regard thereto, as that his reasonable and necessary acts or omissions in the operation of driving, controlling, or stopping the vehicle were those of an ordinarily prudent man under the same circumstances; that is, whether or not an ordinarily prudent man, under the same circumstances, would have conducted himself, or refrained from action, as plaintiff did. This is a question reserved by law for determination by the jury or the court, dependent upon the facts of each case, becoming a question for the decision of the court only when the facts are such that all reasonable men must draw the same conclusion from them; being otherwise, it becomes one for the jury. Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. 679, 36 L. Ed. 485. No reversible error was committed in giving charge 11 for defendant. It was but an instruction against reckless driving upon a public highway of the state, having regard for the circumstances and condition of the place. Acts 1911, p. 642, § 21.

[7, 8] Charges which necessarily mislead a jury, rather than have a tendency to mislead, are held erroneous, and not to be cured by an explanatory charge. Kenan v. Holloway, 16 Ala. 53, 61, 50 Am. Dec. 162; Hart v. Bray & Bros., 50 Ala. 446. Charges 10 and 15, given at defendant's request, were not only misleading, but positively hurtful to the plaintiff. The hypothesis of material averment of pleading and proof touching the acts or omissions of the defendant, and assumed by him in the first part of the charges, was more favorable to plaintiff than is required by law under the simple negligence count of the complaint. If there was no wanton act shown, the use of the words "*believe* from the evidence" was innocuous. The difference in instruction, "that if you

*believe* from the evidence" and "if you are *reasonably satisfied* from the evidence" was explained by the Chief Justice in Farmers' & Merchants' Bank v. Hollind, 200 Ala. 371, 76 South. 287; Climer v. St. Clair County T. Co., 200 Ala. 656, 77 South. 30.

[9, 10] Charges 10 and 15, however, contain the expression, or expressions to like effect:

"If they [the jury] believe from the evidence that the plaintiff's negligence or failure to exercise reasonable care in the *slightest degree* contributed to his injuries, he cannot recover. * * *"

This is not the rule; his negligence or failure to exercise reasonable care must have *contributed proximately* to his injury. In giving these charges, reversible error was committed. Thompson v. Duncan, 76 Ala. 334, 338; B. R. & E. Co. v. James, 121 Ala. 120, 125, 20 South. 847; McDonald v. Montg. St. Ry., 110 Ala. 161, 20 South. 317; B. R. L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013; Cent. of Ga. v. Hyatt, 151 Ala. 355, 43 South. 867; Reaves v. Anniston Knitting Mills, 154 Ala. 565, 45 South. 702; Herring v. L. & N. R. Co., 203 Ala. 136, 82 South. 166; M. L. & T. Co. v. Harris, 197 Ala. 236, 72 South. 545; Hines v. Champion, 204 Ala. 227, 85 South. 511. Having invoked the court to error in giving the erroneous instruction, the appellee is bound thereby. Talley v. Whitlock, 199 Ala. 28, 73 South. 976; B. R. L. & P. Co. v. Seaborn, 168 Ala. 658, 53 South. 241; B. R. L. & P. Co. v. Hunt, 200 Ala. 560, 562, 76 South. 918.

[11] Charge 18, given at defendant's request in writing, imposed upon the plaintiff the burden of proof or condition precedent to the right of recovery "to reasonably satisfy the jury" of his right of recovery under one or more of the counts "by a preponderance of the evidence"; and, failing to discharge the burden of proof so declared, the jury were instructed that the "verdict should be in favor of the defendant." The reasonable belief of the facts necessary to a recovery—to the reasonable satisfaction of the jury—was all that was required under the evidence and the law. Arndt v. City of Cullman, 132 Ala. 540, 552, 31 South. 478, 90 Am. St. Rep. 922; Ala. Min. R. R. Co. v. Marcus, 115 Ala. 389, 395, 22 South. 135; Callaway & Truitt v. Gay, 143 Ala. 524, 39 South. 277; Hall v. Cardwell, 5 Ala. App. 481, 485, 59 South. 514; Farmers' & Merchants' Bank v. Hollind, supra. And such was the reasonable interpretation of the charge. In Ala. Min. R. R. Co. v. Marcus, supra, Mr. Justice McClellan said:

"A mere preponderance of evidence upon the one side or the other does not necessarily afford a basis for a verdict. The fact that the jury have 'more belief' that one party has sustained his case or defense than they have belief as to the other party may not authorize a verdict.

The jury in civil cases must be *reasonably satisfied* that the facts essential to the cause of action have been established before they can justly render a verdict for the plaintiff, and there might well be a preponderance of evidence in favor of the plaintiff which would yet not be sufficient to *reasonably satisfy* the jury of the truth of the facts involved in his claim, and they might well have 'more belief' of the truth of the evidence in support of plaintiff's case than of the truth of that adduced to the contrary, and still not attain that degree of satisfaction of its truth that would require a verdict for the plaintiff."

[12] If, however, the charge was thought to be misleading, explanatory charges might have been requested (Callaway v. Gay, supra); and if the charge had a possible tendency to mislead, it was covered by the oral charge (Aquilino v. B. R. L. & P. Co., 201 Ala. 34, 77 South. 328; Forbes v. Plummer, 198 Ala. 162, 73 South. 451; L. & N. R. R. Co. v. Davis, 196 Ala. 14, 71 South. 682).

[13] Charges 7 and 9, given at defendant's request, assume as a fact that plaintiff violated the law in not giving a signal with his horn or whistle before approaching the intersection of the public highway and the Birmingham and Pratt City highway, and that such negligence rendered him liable as a matter of law. This fact was shown by his own testimony on the trial. There was, then, no conflict in the evidence as to the fact of the negligence in respect to giving signals that rendered it reversible error to give said charges, provided there was no evidence tending to show defendant's subsequent negligence.

[14] As to this, an examination of the record discloses evidence tending to show that defendant saw plaintiff on the motorcycle approaching the intersection of the roads, at a high rate of speed, while defendant was a short distance away from the point of collision, and that after the collision defendant did stop his car within a short distance. This would not imply that he did not do his duty immediately on perceiving plaintiff's approach. There was no error in giving these charges. This tendency of evidence no doubt caused the trial court to submit to the jury the question of subsequent negligence on defendant's part, which was not required to be specially pleaded. As the case will have to be retried, we do not wish to embarrass the future inquiry of fact by further discussion of same.

It is unnecessary to indulge in a detailed discussion of other assignments of error, and for the foregoing reason the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.